JASON R. KLINOWSKI
Email: jklinowski@wallacejordan.com
WALLACE, JORDAN, RATLIFF, & BRANDT, LLC
800 Shades Creek Parkway, Suite 400
Birmingham. Alabama 35209
Telephone: (205) 870-0555
Facsimile: (205) 874-3278

JOHN K. LY (SBN 247477)
Email: jly@lianglyllp.com
JASON L. LIANG (SBN 251235)
Email: jliang@lianglyllp.com
LIANG LY LLP
515 South Flower Street
36th Floor
Los Angeles, California 90071
Telephone: (213) 262-8000
Facsimile: (213) 335-7776

*Attorneys for Tomato Specialties, LLC d/b/a the Avocado Company International*

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PRODUCE PAY, INC.; TOMATO SPECIALTIES, LLC D/B/A THE AVOCADO COMPANY INTERNATIONAL,<br><br>Plaintiffs,<br><br>vs.<br><br>PROMATE PRODUCE U.S.A., INC.; and SERGIO GARCIA,<br><br>Defendants. | CASE NO. 16-cv-08047-R(PLAx)<br><br>Assigned to: Hon. Manuel L. Real<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 7 RE: USDA MARKET NEWS REPORT**<br><br>Date: Dec. 18, 2017<br>Time: 10:00 a.m.<br>Ctrm.: 880<br><br>Trial Date: December 18, 2017 at 10:00 a.m. |

***PRINTED ON RECYCLED PAPER***

PLAINTIFF'S MOTION IN LIMINE No. 7
RE: USDA MARKET NEWS REPORT

1 **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2 **PLEASE TAKE NOTICE** that, on December 18, 2017 at 10:00 a.m.,
3 or as soon thereafter as counsel may be heard, in Courtroom 880 before the
4 Hon. Manuel L. Real of the above entitled Court, located at 255 East Temple
5 Street, Los Angeles, CA 90012, Plaintiff Tomato Specialties, Inc. *("Tomato
6 Specialties")* will, and hereby does, move this Court, in limine, to prohibit the
7 parties, their witnesses and all counsel from introducing any evidence related to
8 the sections of the USDA Market News Report.

9 This Motion is made on the ground that this evidence is inadmissible
10 because it is irrelevant and is solely introduced to prejudice the Plaintiff, create
11 confusion, and waste the Court's time.

12 The parties have satisfied their obligation to meet and confer under Local
13 Rule 7-3.

14 This Motion is based on this Notice of Motion, the attached Memorandum
15 of Points and Authorities, as well as the pleadings, files, and records in this
16 proceeding, any matters of which the Court may take judicial notice, and any //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27
28

LIANG LY LLP
601 SOUTH FIGUEROA STREET SUITE 1950
LOS ANGELES, CA 90017
TELEPHONE 213-262-8000; FACSIMILE 213-335-7776

1 argument or evidence that may be presented to or considered by the Court prior to
2 its ruling.

3

4 Respectfully submitted,
5 DATED: November 21, 2017

7 WALLACE, JORDAN, RATLIFF,
8 & BRANDT, LLC
9 By: /s/ Jason R. Klinowski
10 Jason R. Klinowski
11 (Admitted Pro Hac Vice)
12 Attorneys for Plaintiff Tomato Specialties, LLC

14 LIANG LY LLP
15 By: /s/ John K. Ly
16 John K. Ly
17 Jason L. Liang
18 Local Counsel for Plaintiff Tomato Specialties, LLC

LIANG LY LLP
601 SOUTH FIGUEROA STREET SUITE 1950
LOS ANGELES, CA 90017
TELEPHONE 213-262-8800; FACSIMILE 213-335-7776

-2-          *PRINTED ON RECYCLED PAPER*
PLAINTIFF'S MOTION IN LIMINE No. 7
RE: USDA MARKET NEWS REPORT

# **PLAINTIFF'S MOTION IN LIMINE NO. 7 RE: USDA MARKET NEWS REPORT**

Plaintiff Tomato Specialties, LLC d/b/a The Avocado Company International ("*Tomato Specialties*") hereby moves this Honorable Court in limine to prohibit the parties, their witnesses and all counsel from introducing sections of the USDA Market News Report. The relevant facts are as follows:

1. The USDA issues Market News reports which list prices for agricultural commodities. These reports can be found at https://www.ams.usda.gov/market-news.

2. The DC Circuit has described the USDA Market News as follows:

> The USDA Market News Service . . . is generally based on the activities of USDA reporters who cover the permanent and seasonal markets and producing areas. The information secured locally is assembled and analyzed by USDA reporters, integrated with other information received from reporters at other points, and released for local use. . . . At various times, the news collected by USDA has been distributed in many ways by the USDA Market News Service Offices.

*P. A. M. News Corp. v. Hardin*, 440 F.2d 255, 256 (D.C. 1971).

3. All of Tomato Specialties's invoices contained bargained-for price terms and constitute valid, enforceable contracts between the parties.

Plaintiff contends that this evidence is inadmissible because it is irrelevant and is solely introduced to prejudice the Plaintiff, create confusion, and waste the Court's time. The USDA's Market News prices may be used as gap-filler price terms. *See S & S Packing, Inc. v. Spring Lake Ratite Ranch, Inc*., _ Fex. Appx. _,

LIANG LY LLP
601 South Figueroa Street Suite 1950
Los Angeles, CA 90017
Telephone 213-262-8000; Facsimile 213-335-7776

2017 WL 3049402, at *5 (11th Cir. 2017). A gap-filler price term is used when the parties fail to agree to a price when negotiating a contract. *See Id.* (citing *James Macchiaroli Fruit Co. v. Ben Gatz Co.*, 38 Agric. Dec. 1477 (U.S.D.A 1979)). For example, in *James Macchiaroli*, the price term was left "open," and the parties were "to agree on a price at a later date, and if they [did] not, the price is set as a reasonable price at the time for delivery." *Id.* (internal quotations omitted). Therefore, the U.S.D.A. proceeding determined that the U.S.D.A. Market News prices were appropriately used to determine "a reasonable price at the time for delivery," and therefore fill the gap in the contract negotiated by the parties. *Id.* (citing *James Macchiaroli*, 38 Agric. Dec. 1477).

In *S & S Packing*, the district court cited to *James Macchiaroli* in holding that "the records were so deficient that they were not a reliable indication of appropriate prices, and that therefore resort to the Market News prices was warranted." *S & S Packing, Inc.*, 2017 WL 3049402, at *4. However, the Eleventh Circuit reversed the district court, holding that "where the parties agreed upon a contract price, a legitimate sale occurred, and the agreed price is reasonably ascertainable from the records, it is not appropriate to look to market data to determine price and calculate damages." *Id.* at *4; *See Erlich v. Menezes*, 981 P.2d 978, 982 (Cal. 1999) ("Contract damages are generally limited to those within the contemplation of the parties when the contract was entered into . . ."). Here, the parties listed price terms in their contracts. Like in *S & S Packing*, and unlike in *James Macchiaroli*, there is no "opening" in the contract; no provision that the

price for the goods will be "a reasonable price."[1] Therefore, there is no need for a gap-filler to determine the proper price term for the goods. Further, the Defendants have not and cannot argue that the invoices are so unclear as to make the price terms indistinguishable. Further, Defendants have not argued, in their counterclaim, answer, or affirmative defenses, that a contract was not formed based on Tomato Specialties's invoices because Defendants objected to the price terms as set forth in these invoices.

Thus, this evidence has nothing do with any of the disputes in this case: whether an order was placed, the Produce was delivered, Promate accepted the produce, the quality of Produce was good, the invoice is accurate in its terms, or Promate paid for the Produce. Thus, it does not have "any tendency to make [a fact of consequence in determining the action] more or less probable than it would be without the evidence." Fed. R. Evid. 401; *See U.S. v. Vallejo*, 237 F.3d 1008, 1015 (9th Cir. 2001) ("The particular facts of the case determine the relevancy of a piece of evidence."). To the extent that Defendants are attempting to introduce this evidence to show that Tomato Specialties charged Promate more or less for Produce than the market price as reported by the USDA, such information is also irrelevant. There are no allegations in Defendants' counterclaim, answer, or affirmative defenses, that Tomato Specialties had an obligation to sell its Produce at the USDA Market News price. Therefore, Defendants are barred from raising such an argument at trial. Further, even if Tomato Specialties had charged Promate

---

[1] Plaintiff notes that in James Macchiaroli, the opening in the contract existed at the time of sale. It would be nonsensical to hold that Defendants can create an "opening" in a contract by refusing to pay the agreed-upon price term. Indeed, such a holding would allow parties to frustrate the purposes of contract law by escaping their negotiated-for contractual obligations simply by complaining about the price term after execution of the contract and delivery of the goods. See *See Erlich*, 981 P.2d at 982 (Because "contract actions are created to enforce the intentions of the parties," these actions are designed to return parties to their expected positions when the contract was entered into.).

a different price for the relevant Produce, Promate would still be in default, as it has not paid Tomato Specialties at all for these invoices.

Because this evidence is not relevant to any issues in this action, and its introduction would tend to create confusion and distract from the relevant issue in this case—whether Defendants failed to pay Plaintiff's invoices, it should be excluded. *See* Fed. R. Evid. 403.

FOR THESE REASONS, Tomato Specialties hereby respectfully requests this Honorable Court to enter an Order precluding Defendants from (a) presenting sections of the USDA Market News Report in evidence and (b) granting such other and further relief as this Honorable Court deems appropriate upon consideration of this matter.

Respectfully submitted,

DATED: November 21, 2017

WALLACE, JORDAN, RATLIFF,
& BRANDT, LLC
By: /s/ Jason R. Klinowski
Jason R. Klinowski
(Admitted Pro Hac Vice)
Attorneys for Plaintiff Tomato Specialties, LLC

LIANG LY LLP
By: /s/ John K. Ly
John K. Ly
Jason L. Liang
Local Counsel for Plaintiff Tomato Specialties, LLC
